JUAN ÁNGEL SOTO NAZARIO, Plaintiff and Appellee, v. FÉLIX
LUGO, SOCIEDAD LUGO & CO. and ROYAL INDEMNITY CO.,
Defendants and Appellants.

No. 11219.   Argued May 3, 1954.—Decided May 11, 1954.

*Luis Blanco Lugo* and *José A. Suro,* for appellants.   *F. Fernández Cuyar* for appellee.

MR. JUSTICE ORTIZ delivered the opinion of the Court.

In the Superior Court, San Juan Part, Juan Ángel Soto
Nazario filed an action for damages against Félix Lugo,
Gregorio Lugo, Sociedad Lugo y Lugo, and the Royal In-
demnity Co., insurer of the other co-defendants.   It is alleged

in the complaint that the plaintiff suffered serious injuries including the fracture of his right arm while traveling in a vehicle owned by the co-defendants Lugo and driven by Gregorio Lugo, when the vehicle collided against a tree as a result of Gregorio Lugo's negligence. Plaintiff asked $25,000 for damages. On February 13, 1953 all the defendants filed a joint answer denying that they were guilty of negligence or that the alleged damages had been caused. The co-defendant, Royal Indemnity Co. alleged that its liability was limited to the amount of $5,000.

On July 1, 1953 the case was heard on the merits. On June 24, 1953, that is, seven days before the trial, the defendants filed and notified an amended answer where they admitted that the accident was caused by the negligence of the driver of the vehicle owned by the Lugo y Lugo corporation, the issue being narrowed to the amount of damages. Finally, the San Juan Court made its findings of fact and conclusions of law and rendered judgment ordering defendants to pay plaintiff the amount of $5,786 for damages, the liability of the Royal Indemnity Co. being limited to the amount of $5,000, pursuant to the terms of the insurance policy. Defendants were also ordered to pay the amount of $500 for attorney's fees. Defendants have appealed to this Court, and direct their appeal exclusively to the action of the lower court in ordering them to pay $500 for attorney's fees, challenging also the amount allowed therefor.

The lower court reached the conclusion that the defendants had been obstinate, stating the following on that score:

"The obstinacy of the defendants in the instant case is undeniable, having opposed plaintiff's claim from the beginning and continuously, until only seven days before the trial, when they admitted negligence."

The lower court further stated that "defendant's obstinacy entails the payment of attorney's fees, which we fix in the amount of five hundred dollars ($500)."

█ Section 327 of our Code of Civil Procedure as amended by Act No. 411 of May 11, 1951 (Sess. Laws, p. 1094) provides in part the following:

"..   .   .   .   .   .   .   .

"In case any party has acted with obstinacy, the court shall impose in its judgment the payment of the attorney's fees of the other party, fixing therein the amount of such fees, with due regard to the degree of guilt in the suit and to the work necessarily done by the counsel of the other party; . . ."

That provision is identical with the provisions of Act No. 94 of May 11, 1937, which has already been construed by this Court. The amendments contained in Act No. 411 of May 11, 1951 refer to other particulars.

The trial courts are bound to grant attorney's fees when in their opinion the losing party has acted with obstinacy. *Font* v. *Pastrana*, 73 P.R.R. 238; *Girau* v. *González*, 73 P.R.R. 393, 400; *Castro* v. *Payco*, 75 P.R.R. 59; *Zalduondo* v. *Méndez*, 74 P.R.R. 597. Naturally, such discretion is not absolute. Where it appears from the record that the losing party has not been actually obstinate and that the court of first instance erred in judging the conduct of the losing party as obstinate, an order of this Court vacating the judgment of the lower court as to the granting of attorney's fees is proper (*Cf. Colón* v. *Asociación Cooperativa Lafayette*, 67 P.R.R. 250).

█ The solution of the problem concerning the alleged obstinacy of the defendant in the case at bar demands the consideration of two elements of judgment, to wit, the question concerning the amount of damages claimed by the plaintiff and finally granted by the trial court, and the question concerning the negligence of the driver of the vehicle responsible for the damage to plaintiff. The defendants were not obstinate in opposing plaintiff's claim as to the amount claimed for damages, since the plaintiff claimed $25,000, which is clearly excessive, and the trial court only awarded $5,876. But as this Court has already decided in *Mercado*

v. *American Railroad Co.*, 61 P.R.R. 222 and *Rosado* v. *Segarra*, 61 P.R.R. 293, 295, the circumstance alone that the award claimed is substantially reduced (from $25,000 to $5,000 in the *Mercado* case, substantially the same as in the case at bar), does not imply in itself the lack of obstinacy. Even in such case, the defendant losing party might have been obstinate if he had unreasonably rejected the allegation of negligence, without the circumstances of the case warranting the defendant to believe that plaintiff's pretensions lack merit, that is, when the defendant has no reasonable basis to insist that he has not been negligent. (*Mercado* v. *American Railroad Co., supra,* p. 230.) As stated in the *Mercado case,* "if the defendant in effect believes that the amount claimed is exaggerated and that is the only reason which it has for opposing plaintiff's pretensions, it is its duty to admit frankly its liability and to limit the controversy to a determination of the amount to be awarded."

In the case at bar the defendants admitted their negligence seven days before the hearing of the case on the merits, through an amended answer, but they failed to do so in their original answer. That is precisely one of the species of obstinacy in this case. One of the purposes in awarding attorney's fees in cases of obstinacy is to impose a penalty on the losing party who, because he has been stubbornly litigious, has caused the other party, the unnecessary trouble, expense and inconvenience of a litigation. *O'Neal* v. *Spivey,* 145 S. E. 71. Before filing their original answer the defendants had had an adequate opportunity to investigate the merits of the case and reach conclusions on the question of negligence. They were in an adequate position to admit negligence in their original answer. In failing to do so, at least when they filed their original answer, they had no objective justification whatever for such omission, they prolonged the duration of the suit and they caused unnecessary expenses and trouble to the plaintiff. The trial court acted correctly in holding that the defendants had been obstinate,

and in ordering them to pay attorney's fees. The fact that the admission of negligence was made seven days before the trial could have been a relevant factor as to the amount of attorney's fees, from the point of view of the degree of guilt of the defendants. But considering all the circumstances involved in the instant case the amount of $500 fixed for attorney's fees was reasonable.

The judgment appealed from will be affirmed.